UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-P358-H
CRIMINAL ACTION NO. 3:01CR-144-H

ROBIN EVETTE SHOULDERS                                          MOVANT/DEFENDANT

V.

UNITED STATES OF AMERICA                                         RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION**

Defendant, Robin Shoulders, has moved pursuant to 28 U.S.C. § 2255 to alter, amend or vacate her conviction and sentence. Shoulders alleges five claims of ineffective assistance of counsel: (1) failure to move to suppress on grounds that the search warrant affidavit was "fatally flawed and fabricated;" (2) failure to "secure the testimony" of Detective Mark Watson; (3) failure to move to suppress on grounds that "police did not wait a sufficient amount of time before entering" the residence; (4) failure to move to suppress on grounds that police did not knock and announce before opening the outer security door; and (5) failure to "address adequately the issue of notice of intent to use prior conviction to enhance her sentence." She argues that these alleged failures of counsel prejudiced her "to such an extent that she entered a plea and accepted a judgment of 240 months in federal prison, believing that the alternative was life imprisonment."

The Court has considered each in turn. Defendant's change of plea appears to have been fully informed in every respect. Ultimately, the Court agrees with the assessment of the United

States and concludes that none of these complaints are sufficient to justify vacating the conviction.

I.

Shoulders says her counsel should have argued that the search warrant affidavit was flawed because of the dates listed were inaccurate or contradictory. Her counsel did not make these arguments when seeking suppression.

The dates are somewhat confusing but hardly fatally so. As the United States points out, the affidavit appears to list the probable cause information in chronological order. The reference to November 14, 2001 appears to be the date the affidavit was prepared and submitted to the judge. The judge signed the warrant on November 14, 2001 at 8:40 p.m. The reference to November 14, 2001 in the affidavit lists a time of 1900 (military time for 7:00 p.m.). The detective's listing of November 14 in the affidavit appears in error due to its placement, but that does not affect the validity of the probable cause. From the affidavit, the detective relied upon information obtained on 6-22-01 and 7-20-01. The confusion about dates does not affect the validity of the warrant itself.

Counsel effectively raised numerous suppression issues in the suppression motion and in his objections to the Magistrate's Report and Recommendation. His conduct on this issue was not deficient.

II.

Detective Mark Watson was involved in the search of Shoulders' residence and was the first officer to knock and announce when police arrived. DEA Agent Neil Thompson also announced "Police, Search Warrant" after Detective Watson knocked and announced. He was

not called to testify due to pending criminal charges.

Shoulders argues that her counsel should have forced Watson's testimony at the hearing. However, Watson's testimony was not required. Others gave ample evidence of the events. Regardless, it was the United States' burden to establish whether the police knocked and announced. It was able to do so without Watson's testimony.

In her counsel's objections to the Magistrate's Report and Recommendation, Shoulders' lawyer specifically noted that the United States did not call Watson to testify, and that the Magistrate "refused to acknowledge the shortcomings of the government's case . . . [w]ithout the testimony of Detective Watson, the United States left a glaring hole in its case . . . ." However, the Magistrate was justified in believing the testimony of other officers. The Court concludes that this was reasonable. The absence of Officer Watson does not fatally change the evidence.

III.

Shoulders raises several questions regarding the "knock and announce" rule.

Shoulders argues that even if police knocked and announced, they did not wait long enough before entering. Her counsel questioned the police about their wait before entering. As the Magistrate noted in his Report and Recommendation, "Defendant next argues, in the alternative, that police did not wait a sufficient amount of time after knocking and announcing their presence before entering the residence." The Magistrate analyzed and rejected this argument. Shoulders' counsel made these same arguments in his objections to the Magistrate's Report. Moreover, Shoulders raised this issue on appeal. Accordingly, her counsel's conduct was not deficient and she cannot relitigate the issue in a § 2255 motion.

The knock and announce rule is contained in 18 U.S.C. § 3109, which provides that an

"officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant." The statute thus requires that an officer seeking to enter a house to execute a warrant must give notice of his purpose and authority, and must be refused entry before entering the house.

Here, police testified at the suppression hearing that they opened an unlocked outer security door to knock on the inner front door. Police did not enter the house after opening the security door, the officer just reached his hand in to knock on the inner door. They knocked and announced on the inner door.

Shoulders now complains that her lawyer did not challenge the police action of opening the security door without knocking and announcing. Her lawyer obviously raised the general issue of knock and announce throughout the suppression proceedings and the appeals from it. Knocking on the inner door satisfied § 3109. As one court stated, "Section 3109 does not say whether its rule applies per dwelling or per door, but two considerations persuade us that the former reading is correct." *United States v. Bragg*, 138 F.3d 1194, 1195 (7th Cir. 1998). Thus, only one knock and announce per dwelling is required. In *Bragg*, the court found that police officers did not violate the "knock and announce" statute when they knocked on a locked outer door of defendant's house and announced their presence, then, when they received no answer, broke open that door and a second inner door without again knocking and announcing. *Id.*

The issue of knocking at the security door is not one that could have resulted favorably for Defendant. Her counsel fully argued the knock and announce issues. Her performance

seems competent in every respect on this issue.

IV.

Shoulders has numerous prior convictions. The United States filed a Notice pursuant to 21 U.S.C. § 851 concerning one of those convictions. The notice triggered a statutory mandatory minimum of twenty years. As part of the plea agreement, the United States agreed not to file a second § 851 Notice. A second § 851 notice would have triggered a statutory mandatory minimum sentence of life imprisonment. Shoulders was aware of the § 851 considerations from the plea agreement and from comments of counsel and the Court at her change of plea hearing. The prosecutor explained the plea agreement with regard to the § 851 enhancements. The court reiterated the agreement. Shoulders said she understood.

Shoulders argues that "both defense counsel and the Court touched upon the existence of this second conviction, which would if proven have subjected her to life imprisonment. It was never introduced into evidence or detailed for the Court." Shoulders continues with "it was error for the Court to explain Movant's sentence to her - not having seen the prior conviction - in terms of a life sentence, and error for defense counsel to let the error pass uncorrected." The Court disagrees.

Shoulders does not challenge the existence of her prior convictions. She objects to the level of proof and notice of them. As the United States points out, however, such proof was *not* required because under the plea agreement the United States would *not* seek the enhancement. Defendant's counsel was successful convincing the government not to impose a second § 851 enhancement. For Shoulders to cry foul on an issue that actually turned to her benefit is somewhat beyond comprehension. She received effective assistance of counsel and her claims

5

should be rejected.

Shoulders has failed to show that her attorney's performance was deficient; failed to meet the standard for showing ineffective assistance, and failed to show any prejudice. The Court will enter an order consistent with this Memorandum Opinion.

cc:   Counsel of Record